UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:05CV-5-R

DONNA K. THOMAS                                                                                    PLAINTIFF

v.

WOMEN AWARE, INC.                                                                             DEFENDANT

**OPINION**

The plaintiff, Donna K. Thomas, filed a *pro se* complaint against Women Aware, Inc., alleging employer negligence (DN 1). Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." As a review of the complaint reveals that this Court lacks jurisdiction over the subject matter contained therein, the Court will dismiss the action.

**I. SUMMARY OF CLAIMS**

In the complaint, the plaintiff alleges that at approximately 11:00 p.m. on February 18, 2003, and at around 7:00 a.m the following morning, she was ordered to report to work or lose her employment with the defendant. She reports phoning her "workplace to report her absence since she feared falling and reinjuring herself on the ice since the Defendant was aware of dangerous and hazardous condition of their premises, but failed to provide a safe environment by not having the premises cindered or salted." Despite the plaintiff's notification that she would be absent, Director Kathey Jones ordered the plaintiff to report for work and further called a taxi to pick up the plaintiff and take her to work. The taxi driver refused to drive the plaintiff up to the work entrance, as another taxi and a wrecker were already "stuck on the property due to snow

and ice." The plaintiff was thus forced to walk up the steep hill to the entrance, during which ascent she fell.

"Due to injuries to wrist, back, and hip, Plaintiff now has 5% total disability, as a result of Defendant's negligence of failing to comply with the General Duty Clause of the OSHA [Occupational Safety and Health Administration] Act in all aspects. (1910.36(h)(1))."[1] As relief, she seeks $100,000.00 in future medical expenses, $250,000.00 in punitive damages, and $150,000.00 for pain and suffering.

## II. ANALYSIS

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution and in statutes enacted by Congress. *See generally* 28 U.S.C. §§ 1330-1364; *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Therefore, "[t]he first and fundamental question presented by every case brought to the federal courts is whether it has jurisdiction to hear a case, even where the parties concede or do not raise or address the issue." *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 606-07 (6th Cir. 1998). Without jurisdiction, courts have no power to act. *Id.* at 606.

The burden of establishing jurisdiction rests with the plaintiff. *Hedgepeth v. State of Tennessee*, 215 F.3d 608, 611 (6th Cir. 2000); *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d at 606. In the present case, the plaintiff has not met her burden.

---

[1] On the Civil Cover Sheet accompanying the complaint, the plaintiff alleges the following cause of action: "OSHA GENERAL DUTY CLAUSE 1910.36(h)(2)/KRS 342.165 Injury caused by violation of safety law. Employer negligence/Failure to keep the workplace free of a hazard that could have been avoided since employer was aware of the hazard."

## A. Federal Question Jurisdiction

In alleging the violation of federal law, *i.e.*, "the General Duty Clause of the OSHA Act" and 1910.36(h)(1) and (2), the plaintiff is attempting to assert federal question jurisdiction under 28 U.S.C. § 1331. That statute provides, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

The general duty clause of the Occupational Safety and Health Act ("the Act") is codified at 29 U.S.C. § 654(a)(1), and provides that each employer "shall furnish to each of his employees employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to his employees." § 654(a)(1). As to the "1910.36" referenced by the plaintiff, it is a section within Title 29 of the Code of Federal Regulations. Section 1910, in general, contains the OSHA Standards, and § 1910.36,[2] in particular, governs design and construction requirements for exit routes.

Despite the plaintiff's claim of OSHA violations, "OSHA does not create a private right of action." *Ellis v. Chase Communications, Inc.*, 63 F.3d 473, 477 (6th Cir. 1995); *Minichello v. U.S. Indus., Inc.*, 756 F.2d 26, 29 (6th Cir. 1985) ("OSHA regulations can never provide a basis for liability because Congress has specified that they should not."). As explained in *Russell v. Bartley*, 494 F.2d 334 (6th Cir. 1974),

---

[2]The plaintiff more specifically claims a violation under § 1910.36(h)(1) and (2), which provide:

(h) An outdoor exit route is permitted. Each outdoor exit route must meet the minimum height and width requirements for indoor exit routes and must also meet the following requirements:

(1) The outdoor exit route must have guardrails to protect unenclosed sides if a fall hazard exists;

(2) The outdoor exit route must be covered if snow or ice is likely to accumulate along the route, unless the employer can demonstrate that any snow or ice accumulation will be removed before it presents a slipping hazard;

> OSHA's declared purpose is 'to assure so far as is possible every working man and woman in the Nation safe and healthful working conditions . . ..' 29 U.S.C. § 651(b).  To this end the Act specifies safety requirements for employers engaged in interstate business and emphasizes the duty of the employer to provide safe working conditions.  Enforcement of that duty is by criminal sanction, civil penalty and the right to injunctive relief.  However, nowhere in the statute or in the record of the debate on the Act in Congress is there any mention of a private civil remedy against anyone for damages suffered by an employee because of a violation of the Act.  On the contrary, the Act provides that:
>
>> 'Nothing in this chapter shall be construed to supersede or in any manner affect any workmen's compensation law or diminish or affect in any other manner the common law or statutory rights, duties, or liabilities of employers and employees under any law with respect to injuries, diseases, or death of employees arising out of, or in the course of, employment.'  29 U.S.C. § 653(b) (4).

*Russell v. Bartley*, 494 F.2d at 335.

Because the OSHA statute and regulation referenced by the plaintiff do not create a federal cause of action, she cannot invoke this Court's federal question jurisdiction under § 1331. *See Barrientos v. UT-Battelle, LLC*, 284 F. Supp. 2d 908, 915 (S.D. Ohio 2003) ("[B]ecause none of the statutes or regulations that Defendants cite [including OSHA, 29 U.S.C. §§ 651-678] creates a cause of action, the Court finds that Plaintiffs' second claim for relief does not create federal question jurisdiction.").

### B. Diversity Jurisdiction

Under the diversity statute, 28 U.S.C. § 1332, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between— (1) citizens of different states;. . . ." While the plaintiff alleges a violation of KRS 342.165, a state workers' compensation statute dealing in part with "increase or decrease in compensation for failure to comply with safety law," she lists Kentucky addresses for both her and the defendant.  As the parties are not diverse

in citizenship, jurisdiction does not exist under the federal diversity statute. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("[D]iversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff.").

As the plaintiff has failed to establish the subject matter jurisdiction of this Court, the instant action will be dismissed. The Court will enter a separate order consistent with this opinion.

Date:

cc: Plaintiff, *pro se*
    Defendant
4413.005